IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Samuel Temoney, #262608, | ) | C/A NO. 0:06-1983-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Johnny Sapp, Administrator of Dillon County Detention Center; and Henry McMaster, Attorney General of South Carolina, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on a *pro se* Petition for Writ for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On February 7, 2007, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and the petition dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections on February 16, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the applicable law, the Report and Recommendation of the Magistrate Judge, and conducting a *de novo* review of the record of this matter based upon Petitioner's Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

For those claims which were properly exhausted in the state courts, section 2254(a) of Title 28 of the United States Code confers federal habeas jurisdiction for the limited purpose of determining whether a habeas petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(d), added by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104-132, 110 Stat. 1214, imposed a limitation on a federal court's power to grant relief. It provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)).[1]

---

[1] "The inquiry mandated . . . relates to the way in which a federal habeas court exercises its duty to decide constitutional questions; the amendment does not alter the underlying grant of jurisdiction in § 2254(a) . . . ." *Williams v. Taylor*, 529 U.S. 362, 378 (2000) (plurality opinion).

2

Section 2254(d) requires that "state court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). "Readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Id*.

This court is constrained in its review of decisions of state courts by the above-noted deferential standard of review required by Congress. This court does not believe that the decisions of the South Carolina Court of Appeals (which reviewed Petitioner's direct criminal appeal) or the state PCR court (which was the last reasoned decision regarding Petitioner's PCR application) were contrary to, or involved the unreasonable application of, clearly established Federal law, or resulted in decisions that were based on unreasonable determinations of the facts in light of the evidence presented in the State court proceedings. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-02 (1991) (when making this determination, this court is to examine the last reasoned decision by the state court). Petitioner's objections are merely re-argument of matters presented in his petition, which were rejected by the Magistrate Judge.

Respondents' motion for summary judgment is **granted** and this petition is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 1, 2007

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\06-1983 Temoney v. Sapp e adopt rr gr sum jgm.wpd